# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40888
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE DE JESUS MARTINEZ-GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-457

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose De Jesus Martinez-Garcia challenges his 57-month sentence, imposed after pleading guilty to illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). He claims the district court erred in applying a 16-level enhancement to his offense level under Sentencing Guideline § 2L1.2(b)(1)(A) (requiring enhancement if illegal-

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-40888

reentry defendant was previously deported after conviction for *felony* crime of violence).

The court based the enhancement on Martinez' prior North Carolina conviction for indecent liberties with a child, for which he was sentenced to 10-12 months' imprisonment. Martinez claims his prior conviction was not a felony because, under North Carolina's structured sentencing statute, he was subject to no more than 12 months' imprisonment. *See* U.S.S.G. § 2L1.2 cmt. n.2 (defining felony as a "federal, state, or local offense punishable by imprisonment for a term exceeding one year").

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed de novo; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Martinez did not preserve this challenge in district court, however. Therefore, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Martinez must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

When Martinez committed the North Carolina offense in September 2009, state law punished indecent liberties with a child as a Class F felony, for which the presumptive maximum sentence was 47 months' imprisonment for

No. 14-40888

an offender with a prior record level of VI. *See* N.C. Gen. Stat. Ann. §§ 14-202.1 (2009); 15A-1340.17(c)-(d). The state court ruled Martinez should be punished under the mitigated range as a Class F felon with a prior record level of I. The mitigated range of minimum punishment was 10-13 months' imprisonment. § 15A-1340.17(c). The court imposed a minimum sentence at the bottom of that range, and the corresponding maximum sentence was 12 months. *Id.* § 15A-1340.17(c)-(d). Martinez claims the 12-month maximum determines whether his offense was a felony for purposes of Guideline § 2L1.2(b)(1)(B). The Government counters that the 20-month maximum term of imprisonment for the aggravated-sentencing range for an offender with a prior record level of I governs.

This issue need not be decided. The state court *could* have sentenced Martinez to a minimum term of 13 months' imprisonment, for which the corresponding maximum term was 16 months. *E.g., United States v. Selvan-Cupil*, 2015 WL 860779, at *5 (5th Cir. 2 Mar. 2015) ("What matters for the felony determination is not the sentence imposed, but whether the defendant was eligible for a sentence exceeding a year."), *petition for cert. filed* (17 Mar. 2015) (No. 14-8964). In other words, that the state court sentenced Martinez to a minimum term of 10 months' imprisonment is irrelevant. *E.g., id.* In short, the district court did not commit clear or obvious error.

AFFIRMED.